**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

CASE NO.:

JANA GROOMS,

    Plaintiff,

v.

WELLPATH RECOVERY
SOLUTIONS, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF REQUESTED
DECLARATORY RELIEF REQUESTED**

Plaintiff, JANA GROOMS ("Ms. Grooms" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, WELLPATH RECOVERY SOLUTIONS, LLC ("WRS" or "Defendant"), a Florida limited liability company, and alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), and for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act

("FCRA"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Defendant is a Florida limited liability company that is located in Nashville, Tennessee, and does business in Arcadia, DeSoto County, Florida, and is therefore within the jurisdiction of this Court.

7. Plaintiff worked for Defendant in DeSoto County, Florida, and therefore the proper venue for this case is the Fort Myers Division of the Middle District of Florida.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition or conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11. Defendant was at all times relevant an "employer" as envisioned by the

ADA as well as by $ 760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12. On or around January 4, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against WRS.

13. More than 180 days have passed since the filing of the Charge of Discrimination, rendering Plaintiff's FCRA claim ripe for filing.

14. On May 24, 2023, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff worked for WRS, most recently as a Clinical Team Leader in WRS's facility in DeSoto County, Florida, from November 1, 2018, until her termination on June 14, 2021.

18. Unfortunately in late 2020, Ms. Grooms experienced symptoms and flareups of ongoing disabilities and serious health conditions that WRS was aware of, specifically anxiety and obsessive compulsive disorder ("OCD").

19. This was far from surprising, as WRS's facility in Arcadia, Florida, suffered a serious COVID-19 outbreak beginning November 9, 2020.

20. Clinicians were sent home by WRS, but Clinical Team Leaders such as Ms. Grooms continued to report to work at the facility.

21. During this time, as a result of WRS's incompetence and insufficient attention to COVID-19 protocols and insufficient provision of personal protective equipment to residents and staff, multiple residents of WRS's facility perished, understandably causing Ms. Grooms to suffer flareups of her disabilities and serious health conditions.

22. In early March of 2021, Ms. Grooms sought mental health counseling in order to treat and address her disabilities and serious health conditions.

23. On March 29, 2021, Ms. Grooms informed her WRS supervisory team, including Dr. Courtney Jones, Ms. Melinda Masters, Ms. Elizabeth Porfert, and Dr. Carole DePass, that she was suffering a severe flareup of anxiety related to WRS's botched handling of its COVID-19 outbreak.

24. On March 30, 2021, Ms. Grooms reiterated this to her WRS Supervisor, Dr. Salema.

25. Ms. Grooms's disclosures should have prompted WRS to inform Ms. Grooms of her rights and responsibilities under the FMLA, and to provide her FMLA paperwork.

26. WRS failed to do so.

27. WRS's failure to do so constituted unlawful FMLA interference.

28. On May 4, 2021, a personal situation resulted in Ms. Grooms suffering a severe and lengthy panic attack.

29. Ms. Grooms informed Dr. Salema of this.

30. Dr. Salema replied, "I don't understand your anxiety."

31. On May 5, 2021, Ms. Grooms's ex-fiance committed domestic violence against Ms. Grooms.

32. Ms. Grooms had the offender arrested.

33. Ms. Grooms saw her treating physician on May 6, 2021, and was placed on FMLA leave in order to treat and address her serious health conditions and disabilities, which by then included anxiety, OCD, depression, stress, and post-traumatic stress disorder ("PTSD").

34. Ms. Grooms's treating physician also referred Ms. Grooms to a psychiatrist in order to more comprehensively treat and address her disabilities and serious health conditions.

35. On June 14, 2021, Ms. Grooms received permission to return to work with intermittent FMLA leave available to her.

36. However, on June 14, 2021, upon returning to WRS's facility, WRS informed Ms. Grooms that it had decided to terminate her employment, effective immediately.

37. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Grooms notifying WRS of her serious health conditions, and in retaliation for Ms. Grooms's need to utilize unpaid leave pursuant to the FMLA in order to address same.

38. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason, for its actions.

39. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

40. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

41. The timing of Plaintiff's utilization or attempted utilization of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by WRS.

42. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

43. Plaintiff's discharge was for pretextual, retaliatory, and discriminatory reasons, including, but not limited to, disability discrimination and FMLA interference and retaliation.

44. Such a discriminatory and unlawful discharge is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

45. The timing of Plaintiff's termination makes the causal connection between her use of FMLA leave, her request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

46. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

47. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

48. WRS was aware of Plaintiff's ADA/FCRA-protected disabilities and need for accommodation.

49. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant

position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

50. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

51. Ms. Grooms is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job.

52. Allowing Ms. Grooms to return to work subject to reasonable, non-burdensome restrictions would have been a reasonable accommodation.

53. This accommodation would have imposed no undue hardship on WRS.

54. WRS, however, being well aware of Plaintiff's conditions, discriminated against Plaintiff for taking time off work to seek treatment for her disabilities and serious health conditions, and for requiring and requesting reasonable accommodation.

55. In reality, Defendant's discharge of Ms. Grooms stemmed from its discriminatory animus toward her disclosure of her disabilities and serious health

conditions, which should have initiated protected FMLA leave, and from her disclosure of her need for accommodation under the ADA/FCRA.

56. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

57. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Grooms based solely upon her disabilities.

58. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

59. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

60. Pleading in the alternative, Plaintiff's impairments did not substantially limit a major life activity but were treated by Defendant as if they did.

61. Pleading in the alternative, Plaintiff's medical conditions constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

62. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

63. Ms. Grooms was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a protected class member as envisioned by the ADA and the FCRA.

64. Ms. Grooms suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disabilities and/or "perceived disabilities."

65. As a result of Defendant's unlawful and discriminatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

66. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

67. WRS lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

68. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 15 through 46, 55, 58, and 66 through 68, above, as if fully set forth in this Count.

70. At all times relevant hereto, Plaintiff was protected by the FMLA.

71. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

72. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide her FMLA paperwork or advise her of her rights and responsibilities under the FMLA in response to her disclosure of her serious health conditions, by responding to Plaintiff's disclosure of her panic attack by merely stating that it "d[idn't] understand [her] anxiety," and by refusing to allow Plaintiff to exercise her FMLA rights freely.

73. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

74. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

75. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 15 through 46, 55, 58, and 66 through 68, above, as if fully set forth in this Count.

76. At all times relevant hereto, Plaintiff was protected by the FMLA.

77. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

78. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her employment for disclosing her serious health conditions and for utilizing or attempting to utilize what should have been FMLA-protected leave.

79. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

80. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights

pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

81. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

82. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 24, 28 through 36, 38 through 39, 43 through 45, 47 through 66, and 68, above, as if fully set forth in this Count.

83. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

84. The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

87. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

88. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

89. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

90. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 24, 28 through 36, 38 through 39, 43 through 45, 47 through 66, and 68, above, as if fully set forth in this Count.

91. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

92. The discrimination to which Plaintiff was subjected was based on her disabilities, or "perceived disabilities."

93. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

94. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

95. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

96. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 7th day of June, 2023.

Respectfully Submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
**noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*